UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                      Case No. 04-33705-DHW
                                                           Chapter 13
SYLVIA DIANNE SALTER,

    Debtor.

MEMORANDUM OPINION

Before the court is the trustee's motion to modify the debtor's confirmed chapter 13 plan. In particular, the trustee seeks to require the debtor to pay to unsecured creditors any potential lump-sum recovery of a Social Security disability benefit claim. The debtor opposes the proposed modification. Both the trustee and the debtor have filed respective briefs of law.

Jurisdiction

The court's jurisdiction in this matter is derived from 28 U.S.C. §1334 and from the general order of the United States District Court for this district referring title 11 matters to the Bankruptcy Court. Further, because confirmation of a plan is a core proceeding pursuant to 28 U.S.C. § 157, the court's jurisdiction is extended to the entry of a final order or judgment.

Factual Findings

The relevant facts are not in dispute. The debtor filed her chapter 13 petition for relief in this court on Christmas Eve, 2004. The following March, her chapter 13 plan was confirmed. The plan provided, *inter alia*, that the debtor pay $50 each week to the trustee. From those payments, $4,500 would be prorated among general unsecured creditors, satisfying approximately 48% of their claims. At the time of filing, the debtor's total household income was approximately $3,076.

Subsequently, in February 2006, the debtor became disabled and was no longer able to work. She filed an application for Social Security disability benefits which was denied in part. The debtor was awarded a Social Security benefit of $562 per month, but her request for payment of a lump-sum benefit, retroactive to the date of her disability, was denied. The denial of that request is currently on appeal.

In addition to the loss of income as a result of her disability, the debtor's husband has retired from his job since this case was filed. Today, the total household income is $2,362 per month, which is about $700 less per month than when the case was originally filed.

## Conclusions of Law

By statute, the trustee may request a modification of a confirmed chapter 13 plan in order to increase the amount of payments on claims of a particular class of creditors.[1] The trustee seeks to modify the plan to capture for the benefit of general, unsecured creditors any lump-sum Social Security disability benefit that the debtor may be awarded. The trustee contends that a lump-sum Social Security benefit constitutes disposable income, and that the law requires the debtor to commit all disposable income to the plan for a three-year period.[2]

---

[1] The exact text of the statute provides:

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to —
    (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

11 U.S.C. § 1329(a).

[2] The statute dealing with payment of a debtor's disposable income provides:

2

The debtor counters that any lump-sum Social Security benefit is beyond the trustee's reach because Social Security Act benefits are exempt from the operation of the bankruptcy law. *See* 42 U.S.C. § 407(a). In this case, the debtor has amended her schedule of exempt property to specifically exempt the possible lump-sum benefit.[3]

Most of the courts that have considered this issue, however, have held that exempt income must be taken into account in determining the debtor's disposable income under § 1325(b)(1)(B). *See Stuart v. Koch (In re Koch)*, 109 F.3d 1285, 1289 (8th Cir. 1997); *Freeman v. Schulman (In re Freeman)*, 86 F.3d 478, 481 (6th Cir 1996); *Hagel v. Drummond (In re Hagel)*, 184 B.R. 793, 796-97 (B.A.P. 9th Cir. 1995); *In re Launza*, 337 B.R. 286, 292 (Bankr. N.D. Tex. 2005); *In re DeFrehn*, 2003 WL 25273838 (Bankr. D. Idaho 2003); *In re Pendleton*, 225 B.R. 425, 427 (Bankr. E.D. Ark. 1998); *Gaertner v. Claude (In re Claude)*, 206 B.R. 374, 380 (Bankr. W.D. Pa. 1997); *In re Minor*, 177 B.R. 576, 580-81 (Bankr. E.D. Tenn. 1995); *In re Jackson*, 173 B.R. 168, 171 (Bankr. E.D. Mo. 1994). In the main, these courts look to the plain language of § 1325(b)(2), where the

---

> (b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan —
>> (B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

11 U.S.C. § 1325(b)(1)(B).

[3] Initially, the debtor argued that her claim for Social Security benefits, having arisen post-petition, was not property of the bankruptcy estate. In support of that contention, the debtor cited the court to *Telfair v. First Union Mortgage Corporation*, 216 F.3d 1333 (11th Cir. 2000) and *Muse v. Accord Human Resources, Inc.*, 129 Fed. Appx. 487 (11th Cir. 2005). Subsequently, the debtor abandoned this argument and has amended her exempt property schedule to claim the Social Security benefit as exempt.

term disposable income is defined, noting that there is nothing in the definition of the term that limits income to that which is non-exempt.[4] This court finds that logic persuasive and concludes that a lump-sum Social Security benefit is properly considered in the disposable income test of § 1325(b)(1)(B).

However, disposable income is not synonymous with total income. By definition, disposable income excludes amounts reasonably necessary to be expended for the maintenance and support of the debtor and dependants.

At the time the plan in this case was filed, the debtor's household had a total income of $3,076 per month, and her confirmed plan provided that she pay her disposable income, about $200 per month, to the trustee. Fourteen months later, the debtor became disabled and her total household income dropped to approximately $2,360 per month. There is nothing to indicate that the debtor's expenses decreased commensurate with her loss of income. Indeed, the expenses continued.

---

[4] The exact text of the statute provides:

(2) For purposes of this subsection, "disposable income" means income which is received by the debtor and which is not reasonably necessary to be expended
    (A) for the maintenance or support of the debtor or a dependent of the debtor, including charitable contributions (that meet the definition of "charitable contribution" under section 548(d)(3)) to a qualified religious or charitable entity or organization (as that term is defined in section 548(d)(4)) in an amount not to exceed 15 percent of the gross income of the debtor for the year in which the contributions are made; and
    (B) if the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business.

11 U.S.C. § 1325(b)(2).

4

Case 04-33705   Doc 55   Filed 04/06/07   Entered 04/06/07 16:49:27   Desc Main
Document    Page 4 of 5

Social Security disability benefits "are intended to . . . replace lost income due to . . . a physical or mental impairment and provide for a claimants [sic] most basic needs." *In re DeFrehn*, 2003 WL 25273838 (Bankr. D. Idaho 2003). Because the Social Security benefit replaces lost income, it may be retained by the debtor to the extent necessary to defray reasonable expenses. Therefore, to the extent the benefit does not result in a higher amount of disposable income for the period in question (approximately Feb. 2006 through Oct. 2006) than contemplated under the original plan, the debtor may retain the benefit.

Conclusion

For these reasons, a separate order will enter sustaining the debtor's objection to the trustee's proposed plan modification.

Done this the 6th day of April, 2007.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Forrest C. Rule, Jr., Debtor's Attorney
Curtis C. Reding, Chapter 13 Trustee

5